CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED
APR 23 2007
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| BELVAC PRODUCTION MACHINERY, INC., *Plaintiff,* | CIVIL NO. 6:06cv00034 |
| v. | |
| STANDARD INDUSTRIAL PRODUCTS CO., INC., *Defendant and Third-Party Plaintiff,* | MEMORANDUM OPINION |
| v. | |
| MOTOVARIO CORP., *Third-Party Defendant* | JUDGE NORMAN K. MOON |

This matter is before the Court on Motorvario Corporation's Motion To Vacate Default, filed on April 13, 2007 (docket entry no. 37). For the following reasons, this motion will be GRANTED in an order to follow.

## I. BACKGROUND

This case arises out of a dispute regarding gear reducers purchased by Plaintiff Belvac Production Machinery, Inc. ("Belvac" or "Plaintiff") from Defendant Standard Industrial Products Company, Inc. ("SIPCO," "Defendant," or "Third-Party Plaintiff"). Defendant filed a third-party complaint against Motovario Corporation ("Motovario" or "Third-Party Defendant"). Plaintiff alleges in its amended complaint that it purchased new gear reducers from Defendant for integration into machines Plaintiff was manufacturing. Approximately three years after Plaintiff first purchased the gear reducers from Defendant, Plaintiff alleges the gear reducers malfunctioned: they either stopped working or failed to operate in the manner in which they were intended. As a result, Plaintiff's machines—which included Defendant's gear reducers and were

- 1 -

subsequently sold to Plaintiff's customers—stopped working or failed to work properly. Thereafter, Plaintiff alleges it was required to replace the malfunctioning gear reducers at its clients' locations throughout the world.

Defendant's third-party complaint alleges that the goods Plaintiff purchased from Defendant are more properly characterized as gear boxes that incorporated gear reducers: Defendant purchased the gear reducers from Third-Party Defendant Motovario and assembled them with other machinery into the gear boxes it then sold to Plaintiff. Third-Party Plaintiff alleges that to the extent the gear boxes were defective, the defects were a result of Third-Party Defendant's gear reducers.

Defendant alleges four causes of action against Third-Party Defendant: (1) breach of contract, (2) breach of express warranty, (3) breach of implied warranty, and (4) third-party liability.

Third-Party Defendant was served on November 22, 2006. On December 22, 2006, Third-Party Plaintiff filed a motion for entry of default against Third-Party Defendant. I issued a show-cause order on December 27, 2007, giving Third-Party Defendant ten days to show why entry of default would not be proper. Third-Party Defendant failed to respond and the Clerk of the Court entered default on January 30, 2007. On April 13, 2007, Third-Party Defendant appeared and filed a motion to vacate default.

## II. STANDARD OF REVIEW

A court may set aside an entry of default "for good cause shown." Fed. R. Civ. P. 55(c) ("For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)"). The decision whether to set aside an entry of default lies within the district judge's discretion, *Consol.*

Case 6:06-cv-00034-NKM-mfu Document 39 Filed 04/23/07 Page 2 of 5 Pageid#: 148

*Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967), and any doubt should be resolved in favor of setting aside entry of default, *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969) ("It has been held in an extensive line of decisions that Rules 55(c) and 60(b) are to be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments. Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." (citations omitted)).

The factors a district court should consider when determining whether to set aside an entry of default include: (1) "whether the party has a meritorious defense"; (2) "whether it acts with reasonable promptness"; (3) "the personal responsibility of the defaulting party"; (4) "the prejudice to the party"; (5) "whether there is a history of dilatory action"; and (6) "the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006).

### III. DISCUSSION

Third-Party Defendant Motovario argues that the Court should vacate entry of default based on the *Payne* factors. Motovario argues that it has a valid defense: it states that malfunctions with the gear reducers are infrequent[1] and when they do occur, it is usually a result of misuse. Motovario alleges that it inspected nine of the gear reducers that allegedly failed and found that the machines using the gear reducers had overheated as a result of misuse.

Motovario's allegations are sufficient to demonstrate that it could possibly prevail, and that is enough to meet the first *Payne* factor. *See, e.g., DirecTV, Inc. v. Aiken*, No. 3:03cv00049, 2004 WL 547221, at *2–3 (W.D. Va. Mar. 16, 2004) (unpublished opinion) ("In the context of a

---

[1] Motovario claims that of the 5,677 gear reducers it has sold, it "has had few complaints and but 82 returns."

defendant's motion to set aside the entry of default or default judgment, a meritorious defense will be established if the defendant proffers evidence that, if believed, would permit the court to find for the prevailing party. While the bare allegation of a meritorious defense is insufficient, the defendant's burden is minimal." (citations omitted) (internal quotation marks omitted)).

Second, Motovario has acted with reasonable promptness: it filed its motion nine weeks after the Court entered default and quickly after learning of the entry of default.[2] *See id.* at *2 ("In determining timeliness of a defendant's motion to set aside default judgment, a court may consider not only the length of time between the entry of judgment and the defendant's response, but also may consider the delay between the time the defendant first learns of the judgment and his response thereto.")

Third, Motovario's president, James Suh—a self-described layperson, alleges that he was confused by the summons initially served on him because the space in which the clerk of the court would normally write the number of days allowed for a defendant to file an answer was (inadvertently) left blank. Motovario argues that the summons was defective. Although the summons was technically defective, the summons substantially complied with the Federal Rules. In *Sanderford v. Prudential Insurance Co. of America*, 902 F.2d 897 (11th Cir. 1990), the Eleventh Circuit held that the third-party plaintiff's summons, which failed to include a return date for responsive pleading, substantially complied with Rule 4 and did not prevent the court from having jurisdiction. *See, Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 899, 900 (11th Cir. 1990) ("The summons served ... was in substantial compliance with Rule 4 .... The only information omitted from the summons was the return date for the responsive pleading. This information is readily ascertainable from the Federal Rules."). Additionally, Suh thought that

---

[2] Motovario claims it never received the Court's show cause order.

- 4 -

Motovario would only be involved should SIPCO not fare well in its action with Belvac. The "personal responsibility of the defaulting party" factor here, then, weighs in favor of *not* vacating entry of default: courts are more reluctant to penalize a party for the party's attorney's error than they are for the party's own errors. *See, e.g., United States v. Moradi*, 673 F.2d 725, 728 (4th Cir. 1982) ("Additionally, justice also demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings.")

Fourth, SIPCO will not be prejudiced if the Court vacates entry of default. Other than filing initial disclosures, discovery has not yet begun. Fifth, there is no other history of dilatory action on Motovario's part. Finally, there appear to be less drastic sanctions available: SIPCO and Motovario have agreed that Motovario will reimburse SIPCO for the latter's fees and costs associated with filing the motion for default and with the original discovery plan. Motovario states that the parties have agreed to a specific sum and that SIPCO does not oppose the Court vacating default. The *Payne* factors together weigh in favor, then, of vacating entry of default.

## IV. CONCLUSION

For the foregoing reasons, Third-Party Defendant's motion to vacate default will be GRANTED in an order to follow.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to all counsel of record.

ENTERED: _____
United States District Judge

Date: April 23, 2007