IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| BELVAC PRODUCTION MACHINERY, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> STANDARD INDUSTRIAL PRODUCTS CO., INC., <br><br> *Defendant* | CIVIL NO. 6:06cv00034 <br><br><br> MEMORANDUM OPINION <br><br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's Motion To Dismiss "Count II — Indemnity" for Failure To State a Claim Upon Which Relief Can Be Granted, filed on October 20, 2006 (docket entry no. 8). For the following reasons, this motion will be DENIED in an order to follow.

## I. BACKGROUND

In this diversity action, Plaintiff Belvac Production Machinery, Inc. ("Belvac" or "Plaintiff") seeks damages for breach of contract and seeks indemnification from Defendant Standard Industrial Products Company, Inc. ("SIPCO" or "Defendant"). Plaintiff alleges in its amended complaint that it purchased new gear reducers from Defendant for integration into machines Plaintiff was manufacturing. After agreeing to the specifications for the gear reducers, the parties executed a document entitled "Terms and Conditions" that governed Defendant's sale of and Plaintiff's purchase of the gear reducers.[1]

---

[1] The "Terms and Conditions" document is attached to and referred to in Plaintiff's complaint. The "Terms and Conditions" document is deemed to be part of the complaint and reference to it will not convert Defendant's motion to dismiss into a motion for summary judgment. *See* Fed. R. Civ. P. 12(b); Fed. R. Civ. P. 10(c); *see also Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991) (holding that copies of a contract attached to the complaint "are a part of the complaint which was subject to the motion to dismiss under Rule

Approximately three years after Plaintiff first purchased the gear reducers from Defendant, Plaintiff alleges the gear reducers began "to seriously malfunction" in that they either stopped working or failed to operate in the manner in which they were intended. As a result, Plaintiff's machines—which included Defendant's gear reducers and were subsequently sold to Plaintiff's customers—stopped working or failed to work properly. Thereafter, Plaintiff "was forced to aid countless customers throughout the United States and the world in replacing the malfunctioning gear reducers." Additionally, Plaintiff was required to replace the gear reducers.

Plaintiff alleges breach of contract in Count I and seeks damages for costs incurred in replacing the gear reducers, damages to its reputation, and "other substantial damages." Plaintiff alleges in Count II that, pursuant to the "Terms and Conditions" document, Defendant agreed to indemnify Plaintiff for the damages Plaintiff is alleged to have incurred, including costs incurred in sending repair personnel to worldwide locations to replace the gear reducers.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant filed a motion to dismiss with respect to Count II (the indemnity claim), asserting that Plaintiff failed to allege any damages that would be covered by the indemnity provision in the contract. After initially agreeing with Defendant (*see* Order, Jan. 23, 2007), I vacated that order and gave the parties time to more thoroughly brief the issue, which they have now done.

## II. STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). In considering a Rule

---

12(b)(6)"; *Abadian v. Lee*, 117 F. Supp. 2d 481, 485 (D. Md. 2000) ("In deciding a Rule 12(b)(6) motion, the court will consider the facts stated in the complaint and the documents attached to the complaint. The court may also consider documents referred to in the complaint and relied upon by plaintiff in bringing the action.").

12(b)(6) motion, a court must accept all allegations in the complaint as true, must draw all reasonable inferences in favor of the plaintiff, and should not dismiss unless the defendant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claim" that would allow the plaintiff relief. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957); *see also Edwards*, 178 F.3d at 244; *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254–55 (W.D. Va. 2001). Stated differently, a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002).

As the Fourth Circuit has held, however, *Swierkiewicz* did not eliminate the requirement that a plaintiff "must sufficiently allege facts to allow the Court to infer that all elements of each of his causes of action exist." *See Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 344–45 (4th Cir. 2006), *reh'g en banc denied*, 467 F.3d 378 (4th Cir. 2006); *see also Inman v. Klöckner-Pentaplast of America, Inc.*, No. 3:06cv00011, 2006 WL 3821487, at *4 (W.D. Va. Dec. 28, 2006) (collecting post-*Swierkiewicz* holdings in Rule 12(b)(6) cases in the Fourth Circuit). But motions filed under Rule 12(b)(6) "should be granted only in very limited circumstances." *Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989).

### III. DISCUSSION

The indemnity clause at issue states, in its entirety:

> INDEMNITY—Buyer [here, Plaintiff] shall be indemnified by Seller [here, Defendant] for any loss, expense, recovery or settlement, including counsel fees and costs of defense arising out of any demand, claim or suit (regardless of the merits of such demand, claim or suit) which may be asserted or brought against Buyer *as a result of injury to persons or property, including damages for personal injury or death and incidental o[r] consequential damages, allegedly arising out of or connected with materials or services sold to Buyer* pursuant to this purchase order or any amendment thereof.

(Terms and Conditions ¶ 11) (emphasis added)

Although Defendant claims that Plaintiff has failed to allege either personal injury or property injury, Plaintiff has alleged that it was forced to incur expenses in repairing or replacing defective gear reducers throughout the world and that Plaintiff's clients' machines could not run during this time. Although Plaintiff does not explicitly label these damages as either personal injury or property damage, they could certainly fall under the conjunctive phrase "including … incidental o[r] consequential damages." Plaintiff may ultimately be able to prove that these damages fall under the purview of "incidental or consequential damages … arising out of or connected with materials or services sold to" it; at this stage of the proceeding, it is certainly sufficient that Plaintiff has alleged facts that, if proven, could support its claim for indemnity under this provision.

Defendant's argument that the indemnity provision covers only tortious acts is unavailing—incidental and consequential damages are quintessential contract-type damages. *See, e.g.*, U.C.C. § 2-715 (2004) ("Buyer's Incidental and Consequential Damages"); Va. Code Ann. § 8.2-715 (West 2007) ("Buyer's incidental and consequential damages"). And incidental and consequential damages are included in the types of damages allegedly covered by the indemnity provision.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Count II (docket entry no. 8) will be DENIED in an order to follow.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to all counsel of record.

- 4 -

Case 6:06-cv-00034-NKM-mfu   Document 41   Filed 04/23/07   Page 4 of 5   Pageid#: 156

ENTERED: _/s/ Norman K. Moon_
United States District Judge

April 23, 2007
Date